IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
MAR 18 2022
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ELLIOT ROBEY,

    Plaintiff,

v.                                                                                       CIVIL ACTION NO. 4:18-cv-128

NATIONAL RAILROAD PASSENGER
CORPORATION,

    Defendant.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Elliot Robey's ("Plaintiff" or "Mr. Robey") Motion to Re-Open Settlement Agreement. Mot. Re-Open Set. Agmt., ECF No. 85. On December 16, 2021, Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") filed its response in opposition. Mem. Opp'n, ECF No. 86. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

The underlying litigation involves Plaintiff's claims against Defendant for violations of the Americans with Disabilities Act, 42 U.S.C. § 1210 *et seq.*, as amended and/or Rehabilitation Act, 29 U.S.C. § 794. Am. Compl., ECF No. 8. Plaintiff, who suffers from a genetic condition that causes him to be color-vision deficient, worked as a train conductor for Amtrak for over twenty years. *Id.* at ¶¶ 6–8, 26. After Amtrak's physician found that Plaintiff could not pass the Federal Railroad Administration's ("FRA") approved color-vision test, which is required for certification as a train conductor, Amtrak removed Plaintiff from service. *Id.* at ¶¶ 19–26. Plaintiff commenced suit against Amtrak on October 12, 2018, seeking reinstatement and an

award for garden-variety emotional distress, compensatory, and punitive damages. Compl., ECF No. 3; Am. Compl. at ¶¶ 60–67.

Shortly before trial, the parties reached a settlement agreement before United States Magistrate Judge Lawrence R. Leonard. Mot. Re-Open Case Enforce Set. Agmt., Attach. 4, ECF No. 63-4; Def.'s Resp. Mot. Reopen Case Enforce Set. Agmt., Attach. 1, ECF No. 68-1. The settlement agreement included a monetary award and a requirement that Plaintiff submit to a three-doctor panel to determine whether he could pass an FRA-approved color-vision test. Mot. Reopen Case Enforce Set. Agmt., Attach. 4 at ¶ 2. On January 7, 2020, the parties filed a stipulation of dismissal, and the case was subsequently terminated. Stip. Dismissal, ECF No. 62. On March 17, 2020, Plaintiff filed a Motion to Re-Open Case to Enforce Settlement Agreement contending that the parties agreed to the three-doctor panel with the understanding that in order to be re-instated, Plaintiff had to pass only two out of three doctor examinations, not all three. Mot. Re-Open Case Enforce Set. Agmt., ECF No. 63. Following Defendant's opposition and a supplemental motion hearing, the Court granted Plaintiff's motion. Order Grant. Pl.'s Mot. Enforce Set. Agmt., ECF. No. 77. On August 27, 2020, Plaintiff, with his counsel, reviewed and signed the Confidential Settlement Agreement and General Release ("Settlement Agreement" or "Agreement"). Set. Agmt., ECF No. 86-1. Pursuant to the Settlement Agreement, Defendant issued settlement monies to Plaintiff and his counsel, and Plaintiff has retained the settlement monies. Mem. Opp'n at 3.

Plaintiff filed the instant motion on December 2, 2021, well over one year after this Court granted his Motion to Enforce the Settlement Agreement and after he signed the Settlement Agreement. *See* Order Granting Mot. Enforce Set. Agmt.; *see also* Set. Agmt. Plaintiff asserts that the Settlement Agreement is invalid, and the non-monetary provisions should be re-opened

2

for negotiation because Defendant (1) acted fraudulently to secure the settlement and (2) his counsel forced him to sign the Settlement Agreement.

## II. LEGAL STANDARD

District courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 541–42 (4th Cir. 2002) (citation omitted). A plenary hearing is not necessary where there is no dispute regarding the existence of a settlement agreement. *Millner v. Norfolk & W.R. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981). "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, [his] second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." *Patel v. Barot*, 15 F. Supp. 3d 648, 653 (E. D. Va. 2014) (quoting *Snyder-Falkinham v. Stockburger*, 457 S.E.2d 36, 41 (Va. 1995)); *see also Hensley*, 277 F.3d at 540. A plaintiff asserting a claim of actual fraud as the basis for invalidating a settlement agreement bears the burden of proving by clear and convincing evidence the following elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Evaluation Research Corp. v. Alequin*, 439 S.E.2d 387, 390 (Va. 1994). Finally, a litigant who voluntarily enters a settlement through the direct or indirect actions of his attorney may not attack the settlement on the grounds of inadequate representation by his attorney. *Petty v. Timken Corp.*, 849 F.2d 130, 133 (4th Cir. 1988).

## III. DISCUSSION

There is no factual dispute in this case that a complete settlement agreement existed. Therefore, a plenary hearing is not necessary, and this Court has the power to summarily enforce the Settlement Agreement. Mr. Robey asks this Court to invalidate the existing Settlement

Agreement and re-open the case for negotiation, asserting that: (1) Defendant induced the Settlement Agreement by fraud and (2) his attorney threatened and forced him to sign the Settlement Agreement.

Plaintiff may only prevail on his fraud claim if he can show that the Defendant intentionally misrepresented material facts causing him damage. Plaintiff's assertion of fraud is primarily based on the nine FRA approved color-vision tests he could choose from, arguing that he was "offered [a] limited amount of choices" and that the medical professionals he reached out to informed him that the FRA tests were "more stringent." Mot. Re-Open Set. Agmt. ¶¶ 1–2. Notably, it was Mr. Robey who asked this Court to enforce the Settlement Agreement on March 17, 2020, with the understanding that a three-doctor panel would administer one of the nine FRA approved vision tests. *See generally* Mot. Enforce Set. Agmt. At that time, both parties understood that Mr. Robey would need to pass two of three administrations of the FRA approved test. Order Grant. Mot. Enforce Set. Agmt.

If Mr. Robey was unhappy with his "limited amount of choices," he certainly did not inform the Court or the Defendant during settlement discussions. He also did not abstain from signing the Settlement Agreement, nor did he revoke the Agreement within seven (7) days after executing the Agreement. In fact, the Settlement Agreement made clear that Mr. Robey "had the opportunity to discuss [the] Agreement with his legal counsel and has been given a full twenty-one [] calendar days within which to consider [the] Agreement before executing it." Set. Agmt. at 8. Additionally, Mr. Robey, along with his counsel, signed the Settlement Agreement "knowingly and voluntarily." *Id.* The fact that Mr. Robey now has second thoughts about this otherwise valid contract does not make it invalid nor does it establish fraud on part of the Defendant.

4

Finally, Plaintiff alleges that his attorney, Mr. Nicholas Thompson, forced him to sign the Settlement Agreement. Plaintiff asserts that Mr. Thompson "continued [to] threaten and make forceful gestures if [he] didn't sign" and that Mr. Thompson informed him he was no longer his attorney. Mot. Re-Open Set. Agmt. ¶ 6. Other than simply stating these serious allegations over a year after signing the Agreement, Mr. Robey has provided no evidence that Mr. Thompson failed to provide him competent counsel or that Mr. Thompson ever threatened him to sign the Agreement. In fact, Mr. Thompson and The Moody Law Firm remained listed as Mr. Robey's counsel until he filed this *pro se* motion and the Firm realized his allegations created a conflict of interest. Letter Regarding Representation, ECF. No. 88.

The record shows Mr. Robey entered the Settlement Agreement knowingly and voluntarily. He has not met his burden of establishing by clear and convincing evidence that the Defendant induced the settlement by fraud. Mr. Robey's claim that he was forced into signing the Agreement by counsel is also without merit. Therefore, the Settlement Agreement remains valid and the case will remain closed.

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion to Re-Open Settlement Agreement is **DENIED.**

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
March 18, 2022

Raymond A. Jackson
United States District Judge